UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

LAZARO ELIESMEL ORTA
BOLANOS,

                Petitioner,

v.                                    No.  1:26-CV-00058-H

WARDEN, BLUEBONNET
DETENTION CENTER,

                Respondent.

## ORDER

Petitioner's brother filed a petition for writ of habeas corpus on his behalf.  Dkt. No. 1. The Court found that the case could not proceed as filed by Petitioner's brother and provided Petitioner with an opportunity to pursue habeas relief on his own behalf.  Dkt. Nos. 7, 8.  Now, as explained below, the Court finds that the petition must be dismissed because Petitioner has failed to cure the filing deficiencies and his current address is unknown.

When this case was opened, the Court entered its standard notice and instructions for pro se parties.  Dkt. No. 2.  The instructions were mailed to Petitioner's brother.  The instructions included, among other things, a warning that Petitioner must promptly notify the Court of any change in his address, and that his failure to do so could result in the dismissal of his case for want of prosecution.  *Id.*

On February 10, 2026, the Court entered an order and notice of deficiency requiring Petitioner to file an amended petition on the proper form and either pay the $5 filing fee or file an application to proceed *in forma pauperis* within 30 days if he wanted to pursue habeas relief. Dkt. No. 7.  The Court warned Petitioner that failure to comply could result in the dismissal of this case.  *Id.*  Petitioner did not respond to or comply with the February 10 order.

So, on March 31, 2026, the Court entered a deficiency show cause order, requiring Petitioner to cure the filing deficiencies within 14 days—by April 14, 2026—or show cause why his petition should not be dismissed for want of prosecution. Dkt. No. 8.

The March 31 order was mailed to Petitioner at his last-known address—the Bluebonnet Detention Center. But the envelope was returned to the Clerk unopened, marked "Return to Sender," and "Departed 3/30/2026." Dkt. No. 9. Petitioner has not updated his mailing address, which is required. *See* N.D. Tex. Civ. R. 83.13, 83.14. Nor has he paid the filing fee, moved to proceed *in forma pauperis*, or filed his amended petition.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Petitioner has not cured the filing deficiencies, and his current address is unknown. The Court, therefore, finds that Petitioner's petition for writ of habeas corpus should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's orders.

So ordered.

The Court will enter judgment accordingly.

If Petitioner remains in custody and still wants to pursue his claims, he may file a motion to reopen this case within 30 days of the date of this order.

Dated April 16, 2026.

JAMES WESLEY HENDRIX
United States District Judge